UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS PETILLO, JR., | No. 2:24-cv-2562 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DEPARTMENT OF HEALTH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. After the court screened the original complaint and found it did not state any viable claims for relief, plaintiff was given an opportunity to file an amended complaint. ECF No. 11. Plaintiff has now filed a first amended complaint. ECF No. 14.

I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II. Factual Allegations of the First Amended Complaint

The first amended complaint, like the original, is largely unintelligible. It appears to allege that plaintiff is being tortured, is the victim of a plot to kill him, and suffers from unspecified medical conditions which are not being treated. ECF No. 14 at 3-4. Plaintiff identifies the Department of Health, Warden Anderson, Chief of Medical Sahota, and Dr. Vahiah as defendants. Id. at 2. Defendants Sahota and Anderson appear to have been involved with grievances filed by plaintiff and, though it is unclear, defendant Vahiah, a pulmonologist at Highland Hospital, appears to have allegedly refused to treat plaintiff as part of a plot to kill him. Id. at 4. Plaintiff attaches copies of grievances indicating that he was being denied an oxygen tank even though he was having trouble breathing. Id. at 19-25.

## III. Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state any valid claims for relief. Once again, plaintiff has named the state health department, despite being advised that it is not a proper defendant and is immune from suit. See ECF No. 11 at 2-3. With respect to the individual defendants, plaintiff has made only vague allegations that Anderson and Sahota were somehow involved in grievances, though he does not explain what they did or what the grievances were about, and there are no facts

regarding what treatment Vahiah refused to provide. In screening the original complaint, the court noted that plaintiff could potentially state a claim regarding the denial of an oxygen tank, but the amended complaint does not make any allegations related to this denial. While plaintiff attaches grievances related to the alleged denial of an oxygen tank, none of them identifies any conduct by the named defendants. See ECF No. 14 at 19-25. The remainder of the complaint that is decipherable either recites legal standards or is, once again, fantastical and clearly baseless. See id. at 3-4, 7 (referencing terrorist threats, plots to kill plaintiff, exorcists, and stating CDCR staff are possessed by demons and "not only faceless but soulless" with "rotting hands").

### IV. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the first amended complaint fails to state a claim upon which relief may be granted. Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide. Despite instructions regarding what kind of information needed to be provided and the necessity of specifying what each defendant did, plaintiff has failed to provide the necessary information. Although plaintiff has attached grievances related to the denial of an oxygen tank—the one potentially cognizable claim in the original complaint—they do not allege conduct by any named defendant and the complaint is devoid of any facts related to the denial or defendants' conduct in general. Given the lack of additional facts provided by plaintiff, as well as the fantastical nature of the remainder of the complaint, it does not appear that further amendment would result in a cognizable claim. As a result, leave to amend would be futile and the complaint should be dismissed without leave to amend.

### V. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend

because you have not provided any additional information regarding the alleged denial of an oxygen tank or how defendants were involved in that denial.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the first amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 20, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE